663 So.2d 320 (1995)
Timothy BARKER, Plaintiff-Primary Appellant,
v.
ALLEN CANNING COMPANY, Defendant-Secondary Appellant.
No. 95-252.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Writ Denied January 12, 1996.
Norris Joseph Greenhouse, Marksville, for Timothy Barker.
William H. Parker III, Lafayette, for Allen Canning Company.
Before COOKS, WOODARD and AMY, JJ.
WOODARD, Judge.
This appeal arises from the denial of plaintiff's claim for temporary total disability workers' compensation benefits and from the award of plaintiff's claim for past medical expenses.

FACTS
At approximately 9:00 a.m. on November 18, 1993, plaintiff, Timothy Barker, slipped and fell on the damp concrete floor of a canning room during the course of his employment for defendant, Allen Canning Company. He complained of neck, back, and leg pain and was transported to the emergency room at Avoyelles Hospital. There, he was examined and released with a diagnosis of "low back pain vs. malingering." Barker continued to suffer lower back pain and headaches after he went home. He later went to the emergency room at Bunkie General Hospital, where he was re-examined and released with a diagnosis of "muscular soreness." Barker's lower back pain persisted. On November 23, 1993, he consulted Dr. L.J. Mayeux, a general practitioner, who opined that Barker was disabled from performing any work.
Pursuant to Allen company policy, a sample of Barker's urine was collected and tested for illegal drugs while he was at Avoyelles Hospital. Barker tested positive for Cannabinoids, *321 indicating that he had smoked marijuana recently.
Allen paid Barker's emergency room charges but, as a result of his positive drug test, refused to pay him weekly compensation benefits or to repay the expenses that he incurred during his treatment with Dr. Mayeux. On January 6, 1994, Barker filed a disputed claim for medical expenses and temporary total disability (TTD) benefits from November 18, 1993 until May 20, 1994, exclusive of the period between April 1 and May 4, when he was incarcerated for possession of marijuana with intent to distribute. Allen answered Barker's petition, asserting the affirmative defense that Barker was intoxicated at the time of his accident.
Following the trial on the merits on July 27, 1994, the hearing officer denied Barker's claim for TTD benefits but held that Allen had failed to prove that Barker's injury was caused by intoxication and awarded Barker his medical expenses. Barker now appeals, asserting that the hearing officer erred in failing to award him TTD benefits, penalties, attorney's fees, and interest on the benefits due him. Barker also argues that the hearing officer erred in assessing him with one-half of the court costs and in failing to assess the transcription fee of Dr. Mayeux's deposition as a court cost. Allen cross-appeals, claiming that the hearing officer erred in holding that Allen failed to prove its affirmative defense of intoxication.

LAW

I. INTOXICATION
An injured employee is not entitled to workers' compensation benefits for an injury caused by the employee's intoxication at the time of the injury. La.R.S. 23:1081(1)(b). In order to support a finding of intoxication due to drug use, the employer must prove the employee's use of a controlled dangerous substance, such as marijuana, by a preponderance of the evidence. La.R.S. 23:1081(8). If there is, at the time of the accident, evidence of either on or off the job use of marijuana, then it shall be presumed that the employee was intoxicated at the time of the accident. La.R.S. 23:1081(5).
Once the employer has met the burden of proving that the employee was intoxicated at the time of the accident, it is presumed that the employee's injury was caused by his intoxication. The burden then shifts to the employee to show that his intoxication did not cause accident. La.R.S. 23:1081(12).
In denying Allen's affirmative defense that Barker was intoxicated, the hearing officer held that:
The defendant has failed to show that the plaintiff's use of marijuana contributed to or caused the fall. Dr. Mayeux's deposition testimony is inconclusive and does not meet the requisite burden. The evidence fails to adequately show what, if any, effect the marijuana would have had on Mr. Barker's actions or whether it was a contributing cause of his fall.
Thus, the hearing officer placed the burden on Allen to prove that Barker's use of marijuana caused his fall, rather than upon Barker to prove that his intoxication did not cause the fall. Allen alleges that this is contrary to the mandates of La.R.S. 23:1081. We agree. Once Allen established Barker's use of marijuana, whether it was on or off the premises was irrelevant; it had the benefit of the presumption that he was intoxicated at the time of the accident, La.R.S. 23:1081(5), as well as the presumption that his intoxication caused his injury. La.R.S. 23:1081(12). Thus, the burden fell upon Barker to prove, by a preponderance of the evidence, that his drug usage did not cause the accident.
In attempting to prove that, he and his wife testified that he had not smoked the drug for five days before the accident. Additionally, James Deal, a lay witness, who worked with Barker on a daily basis in the canning room and who spoke with Barker shortly before the accident, testified that Barker did not appear to be intoxicated at the time. Deal, who was familiar with the effects and odor of marijuana, further testified that Barker did not slur his speech, stagger, or smell of the drug. Jackie Fontenot, Allen's staff nurse, who initially assessed Barker's condition, stated that Barker seemed alert and oriented immediately after the accident and that his conversation was *322 not strange or unusual. The medical records from Avoyelles and Bunkie Hospitals indicate that Barker was "alert" upon his arrival at both hospitals.
The problem with the above evidence is that Barker's testimony is discounted because the hearing officer found that he lacked credibility as a witness, and likewise would be the testimony of Barker's demeanor, provided by the other witnesses, since Dr. Mayeux testified that "there is really no way to tell that a person would be disoriented or what his general condition would be, because really, the effects of drugs differ from use to use according to the amount and the time factor between the usage and the incidents" and that marijuana usage can impair the user's sense of balance, even up to several days after ingestion. Thus, the testimony that Barker was alert and acting normally fails to outweigh and rebut the presumptions that he was intoxicated and that his intoxication caused his injury. Additionally, it is noteworthy that Barker fell when he attempted to stand up from a bent position. This is consistent with a loss of balance. Further, he continued to use marijuana after this accident which strongly suggests habitual usage.
We find that the hearing officer erred as a matter of law in her application of the presumptions and that Barker failed to rebut them.

II. TEMPORARY TOTAL DISABILITY BENEFITS
An injured employee is not entitled to workers' compensation benefits for any injury caused by the employee's intoxication at the time of the injury. La.R.S. 23:1081(1)(b). As this Court already has found that Barker failed to rebut the presumption that his intoxication caused his injury, he is not entitled to workers' compensation benefits. Consequently, the hearing officer did not need to decide whether Barker proved that he suffered a disabling injury.

III. PENALTIES AND ATTORNEY'S FEES REGARDING MEDICAL EXPENSES
An employer who fails to commence payment of benefits within 30 days after they are due is penalized 12% of the outstanding benefits, unless the employee's claim has been reasonably controverted. La.R.S. 23:1201(E). Failure to pay within 60 days after receipt of a claim due, subjects the employer to payment of all reasonable attorney's fees for the prosecution and collection of the amount due when the employer's omission is arbitrary, capricious, or without probable cause. La.R.S. 23:1201.2. Whether the refusal to pay worker's compensation benefits warrants imposition of penalties and attorney's fees is a factual question that will not be disturbed in the absence of manifest error. Alford v. Environmental Monitoring, 93-0985 (La.App. 1 Cir. 10/7/94); 646 So.2d 961. We find a reasonable basis for the hearing officer's finding on this matter.
Allen's refusal to pay Barker's medical expenses was reasonable because it was entitled to rely on the presumption of intoxication arising from Barker's positive drug test. See Austin v. Fibrebond Corp., 25565-CA (La.App. 2 Cir. 2/23/94); 638 So.2d 1110, writ denied, 643 So.2d 149 (La.9/2/94). Consequently, the hearing officer did not err manifestly in failing to award Barker penalties or attorney's fees.

IV. JUDICIAL INTEREST
As Barker is not entitled to medical expenses, the issue of judicial interest is moot.

V. COURT COSTS
An appellate court may assess costs as in its judgment may be considered equitable and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. La.Code Civ.P. art. 2164; Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3 Cir.1976). As this Court has found that Barker is not entitled to any benefits, we assess all costs against Barker.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is reversed in part. Costs of this appeal are assessed against the plaintiff-first appellant, Timothy Barker.
*323 REVERSED IN PART, AFFIRMED IN PART AND AMENDED.