696 So.2d 176 (1997)
Keith FONTENOT, Plaintiff-Appellee,
v.
J.K. RICHARD TRUCKING, Defendant-Appellant.
No. 97-220.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
*177 Christopher T. Lee, Jeffery F. Speer, Lafayette, for Keith Fontenot.
Steven J. Bienvenu, Jarvis Jerome Claiborne, Opelousas, for J.K. Richard Trucking.
Before YELVERTON, SAUNDERS and GREMILLION, JJ.
GREMILLION, Judge.
In this workers' compensation case, the plaintiff, Keith Fontenot, was injured during a scuffle with an employee of a third party, while delivering produce to the Bronx, New York. Fontenot filed a disputed claim for compensation after the defendant, James Karl Richard d/b/a J.K. Richard Trucking (Richard Trucking), refused to reimburse his medical expenses or pay him indemnity benefits, claiming that Fontenot was the initial *178 aggressor in causing the fight and/or was an independent contractor.
After a hearing, the hearing officer found that Fontenot was neither the initial aggressor nor an independent contractor. Finding him disabled, the hearing officer awarded Fontenot temporary total disability (TTD) benefits, medical expenses, evaluation by an orthopedic surgeon of his choice, penalties and attorney's fees, and increased his TTD benefits by fifty percent due to Richard Trucking's failure to provide workers' compensation insurance. Richard Trucking suspensively appeals this decision. We affirm in part and reverse in part.

FACTS
Fontenot, a truck driver, was employed by James Richard, the owner of Richard Trucking, to drive his second truck. Richard was based in Opelousas, Louisiana, and owned only two trucks. For each load that he delivered, Fontenot earned twenty-two percent of the truck's profit. On April 2, 1995, Fontenot was delivering a truckload of produce to the Food Emporium in the Bronx, New York, accompanied by his cousin, Venward Orville, Jr. Orville was acting as Fontenot's lumper for the trip, the person responsible for unloading the truck. Fontenot and the receiver for the Food Emporium became involved in an argument, during which the receiver hit Fontenot with a milk crate causing him to fall and injure his lower back.
Upon his return to Opelousas, Fontenot sought medical treatment from the University Medical Center in Lafayette and then from Dr. John Ortego, a chiropractor. Dr. Ortego stated that Fontenot had a preexisting asymptomatic condition, spondylosis, which became symptomatic following the April 2, 1995 accident. Due to Fontenot's failure to respond to treatment, Dr. Ortego recommended that he be evaluated by an orthopedic surgeon or neurosurgeon. Dr. Ortego opined that Fontenot was disabled as a result of his injury.
Fontenot filed a disputed claim for compensation on May 31, 1995. In response, Richard Trucking, who was not covered by workers' compensation insurance, answered denying that Fontenot was its employee and asserted affirmatively that Fontenot was the initial aggressor in causing the fight, that he had the willful intent to injure himself or others, and that he was an independent contractor.
A hearing was held in this matter on September 5, 1996. The evidence presented consisted of testimony by Fontenot, Orville, Dr. Ortego, and Richard, and medical records from the University Medical Center and Dr. Ortego. In oral reasons, the hearing officer, after finding that Fontenot was not the initial aggressor in causing the fight, held that although Fontenot had a preexisting asymptomatic condition prior to April 2, 1995, following that date he was totally disabled. The hearing officer held that Fontenot was entitled to evaluation by an orthopedic surgeon of his choice and awarded him TTD benefits from April 9, 1996, the day he sought treatment from the University Medical Center, until the time he is released by his doctor, depending on his evaluation.
Finding Richard Trucking arbitrary and capricious, the hearing officer awarded Fontenot $6,000.00 in attorney's fees and cast Richard Trucking with penalties of $4,000.00 for its failure to pay indemnity and medical benefits. Finally, because Richard Trucking was not covered by workers' compensation insurance, the hearing officer increased Fontenot's TTD benefits by fifty percent pursuant to La.R.S. 23:1171.2. The decision was signed by the hearing officer on September 25, 1996. Richard Trucking appeals.

ISSUES
On appeal, Richard Trucking asserts six assignments of error:
1) The hearing officer erred in failing to find Fontenot was the initial aggressor.
2) The hearing officer erred in failing to find Fontenot willfully intended to injure himself or others.
3) The hearing officer erred in finding the testimony of Fontenot credible, but not Richard's.
4) The hearing officer erred in finding that Fontenot was Richard's employee.

*179 5) The hearing officer erred in applying La.R.S. 23:1171.2 to the facts of this case.
6) The hearing officer erred in awarding penalties and attorney's fees.
Fontenot answered Richard Trucking's appeal, seeking an increase in the amount of attorney's fees awarded for work performed on appeal.

STANDARD OF REVIEW
In Freeman v. Poulan/Weed Eater, 93-1530, p. 4-5 (La.1/14/94); 630 So.2d 733, 737-738, the supreme court laid out the standard of review for workers' compensation cases:
In a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La. 1992). A court of appeal may not set aside a trial court's or a jury's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880, 882 (La. 1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987); Rosell, supra; Stobart, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Stobart, supra.

ASSIGNMENTS OF ERROR NUMBER ONE, TWO, AND THREE
In its first two assignments of error, Richard Trucking argues that the hearing officer erred in rejecting its affirmative defenses, that Fontenot was the initial aggressor in the fight or that he willfully intended to injure himself or others. Richard Trucking also argues in its third assignment, that the hearing officer erred in finding Fontenot's testimony credible while finding Richard's testimony not credible.
If the employer can prove that the employee's injury was caused by his own willful intention to injure himself or to injure another, or that he was the initial aggressor in an unprovoked physical altercation, then the employee is denied recovery. La.R.S. 23:1081(1)(a) and (d). The burden of proof is on the employer. La.R.S. 23:1081(2).
In support of its affirmative defenses, Richard Trucking offered the testimony of Richard. Richard testified that Fontenot told him that he went in with his papers to ask the receiver a question. The receiver told Fontenot that he was busy and he did not have time for him. Richard stated that Fontenot recounted to him that this made him so angry that he grabbed a crate and tried to knock the receiver's head off. Fontenot told Richard that he threw the crate so hard that he lost his balance and fell.
When questioned about the fight, Fontenot testified that he entered the unloading dock and approached the receiver to determine whether he needed a copy of the bill of lading before unloading the truck. The receiver, an employee of the Food Emporium, told Fontenot that he was busy and did not have time for him right then. Fontenot then told the receiver that he had problems with him every time he delivered produce there. The receiver told Fontenot that if he did not like it then he could leave. Fontenot stated that he had turned around and was walking away, when the receiver called him "a son of a bitch." At that point, Fontenot turned around and asked the receiver to repeat what he said, whereupon the receiver pushed him three times. The receiver then walked away and picked up a plastic milk crate and threw it at Fontenot. The milk crate hit Fontenot, causing papers to fly everywhere. Fontenot injured his back when he slipped on a piece of paper and fell to the floor.
Orville's testimony about the incident was basically the same, except he stated that after the receiver threw the crate at Fontenot, Fontenot threw the crate back at the receiver, and then they began to wrestle. At *180 that point, Fontenot fell against a table and then fell to the floor. Orville testified that the receiver started the fight and that Fontenot was defending himself.
In her oral reasons, the hearing officer found that under all of the scenarios testified to, except the one recounted by Richard, Fontenot was not the initial aggressor. She found that Fontenot did not make the first physical aggressive act in the fight, and she stated that it was hard for her to believe that he would call Richard and tell him that he started the fight. Even without Fontenot's testimony, the hearing officer found, based on Orville's testimony, that Fontenot was acting in self-defense or retaliation and not as the aggressor. The hearing officer found that the receiver was the initial aggressor in causing the fight.
After reviewing the evidence, we cannot say that the hearing officer's finding is clearly wrong. There was conflict in the testimony presented, and the hearing officer found the testimony of Fontenot and Orville more credible than that of Richard. When there are no documents or objective evidence casting doubt on a witness's testimony, the factfinder's decision to credit that testimony can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Since the only evidence casting doubt on Fontenot's version of the fight was Richard's own contradictory testimony, the hearing officer's decision to credit both Fontenot and Orville's testimony is entitled to great deference. We find no error in her determination that it was the receiver, and not Fontenot, who was the initial aggressor in this incident. In finding so, the hearing officer, although she did not specifically address it, obviously found that Fontenot did not have the willful intent to injure himself or others. We also find no error in this determination. The hearing officer's findings on these issue are affirmed, and these assignments of error are dismissed for lack of merit.

ASSIGNMENT OF ERROR NUMBER FOUR
Richard Trucking next argues that the hearing officer erred in finding that Fontenot was its employee instead of an independent contractor. According to La.R.S. 23:1021(6), an independent contractor is:
[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Stovall v. Shell Oil Co., 577 So.2d 732 (La.App. 1 Cir.), writ denied, 582 So.2d 1309 (La.1991). Several conditions must be met for there to be a principal and independent contractor relationship:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Id. at 738-739.
Even if Fontenot is found to be an independent contractor, he may still receive workers' compensation benefits if a substantial part of his work is spent performing manual labor. If the "physical" element of *181 his work predominates over the "mental" element, then he is considered a manual laborer. Riles v. Truitt Jones Const., 94-1224 (La.1/17/95); 648 So.2d 1296. "The term `substantial part' was not intended as a phrase of mathematical precision, but instead indicates the converse of insubstantial or immaterial." Carney v. Liberty Mutual Ins. Co., 277 So.2d 175 (La.App. 3 Cir.1973).
Fontenot testified that he was hired by Richard Trucking in 1993, pursuant to a verbal contract. Along with driving the truck, Fontenot was required to load and unload the truck and testified that he considered himself a manual laborer. When not driving, Fontenot parked the truck at his residence. He also performed simple maintenance on the vehicle, such as changing the tires, oil, and oil filter. Richard Trucking paid all costs associated with the truck, including off-loading costs and insurance, and Fontenot was reimbursed for any amount that he expended on the truck. Fontenot testified that he received all of his directions directly from Richard. Richard arranged his loads, but gave him permission to seek loads from other brokers when he was unable to obtain a load from his normal broker.
In contradiction, Richard testified that he did not consider Fontenot an employee because he could not tell him what to do. He stated that Fontenot had the authority to do whatever he thought best for the truck, including drumming up business for the truck. He testified that he informed John J. Juru Brokers about Fontenot, but stated that Fontenot also worked with other brokers. However, he was unaware of Fontenot driving for companies other than his. Richard testified that the only requirement he made was for Fontenot to report in each morning he was on the road. He stated that Richard Trucking paid all expenses generated by the truck, except for any overweight fines or other fines assessed to Fontenot. Richard admitted that there was no written contract between Fontenot and Richard Trucking, nor was there a specific term for their agreement.
The hearing officer held that Fontenot was an employee of Richard Trucking and not an independent contractor. She found that Fontenot was driving Richard Trucking's truck, for which it was paying all expenses, carrying insurance, and reimbursing Fontenot for any lumping fees. Although there was conflicting testimony as to whether Richard Trucking was controlling Fontenot's loads, the hearing officer held that Richard Trucking would not let Fontenot continue driving the truck if it were not making a profit. Further, the hearing officer found that for any extra trip made by Fontenot, the profit was split eighty percent to Richard Trucking and twenty percent to him. Finally, the hearing officer held that because there was no written contract providing a specific term limit, from which either party could have walked away at any time, Fontenot was an employee of Richard Trucking and not an independent contractor. With regards to the manual labor exception, the hearing officer held that because Fontenot was responsible for unloading the truck, and performed maintenance on the vehicle, he fit under this exception even if he were an independent contractor.
We find no error in the hearing officer's decision. There was no written contract between the parties for a specific undertaking as a unit or as a whole, and although there was an agreement as to price, there was no specific term agreed upon. Richard testified that the verbal contract was subject to termination at the will of either party, stating that Fontenot could have worked for Richard Trucking as long as he was happy. The most important factor in determining whether Fontenot was an independent contractor or an employee is the control over the work reserved by the Richard Trucking. It is not the supervision which is actually exercised that is significant, rather, it is the right to exercise it which is of primary concern. Stovall, 577 So.2d 732. We agree with the hearing officer's finding that Richard Trucking would have exercised control over Fontenot had he not made a profit driving the truck.
With regards to the manual labor exception, we find, as a matter of fact, that a driver such as Fontenot is a manual laborer, pursuant to La.R.S. 23:1021(6). Fontenot was required to drive the truck over long *182 hauls, performed maintenance on the truck, and was also required to load and unload the truck if no lumpers were available. In Timberlake v. Avis Rent A Car System, Inc., 361 So.2d 934 (La.App. 4 Cir.1978), the appellate court reversed the trial court, finding that the plaintiff, who contracted to drive an automobile from Baton Rouge to New Orleans for a set price, was performing manual labor and, thus, was an employee and not an independent contractor. In this instance, we find that Fontenot, in operating the truck under the facts of this situation, was participating physically himself, "rather thanso to speakaloofly direct[ing] in clean Sunday clothes." Welch v. Newport Industries, Inc., 86 So.2d 704, 707 (La.App. 1 Cir.1956). Considering all of the evidence, we find no manifest error in the hearing officer's finding of fact that Fontenot was Richard Trucking's employee and not an independent contractor.

ASSIGNMENT OF ERROR NUMBER FIVE
In its fifth assignment of error, Richard claims that the hearing officer erred in applying La.R.S. 23:1171.2 to the facts of this case, since that statute became effective on June 1, 1995 and the incident at issue occurred on April 2, 1995.
La.R.S. 23:1171.2 provides:
The amount of weekly compensation provided in this Chapter shall be increased by fifty percent in any case where the employer has failed to provide security for compensation as required by R.S. 23:1168.
The general rule of statutory construction is set forth in La.R.S. 1:2, which states that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." This statute is generally construed as being coextensive with La.Civ.Code art. 6, which provides that absent legislative expression, procedural and interpretive laws apply both prospectively and retroactively, while substantive laws apply prospectively only. Mitchell v. Dixie Roofing & Sheet Metal Co., Inc., 95-288 (La.App. 3 Cir. 10/4/95); 663 So.2d 222.
In this instance, La.R.S. 23:1171.2 contains no specific legislative expression as to the statute's application retroactively or prospectively. Utilizing La.Civ.Code art. 6, we have determined that La.R.S. 23:1171.2, which is penal in nature, is substantive in that it creates, confers, or destroys rights, causes of action, or legal duties, thus, it applies prospectively only. Id. We, therefore, hold that the hearing officer's decision increasing Fontenot's TTD benefits by fifty percent pursuant to La.R.S. 23:1171.2 was erroneous and is, hereby, reversed.

ASSIGNMENT OF ERROR NUMBER SIX
In its final assignment of error, Richard Trucking argues that the hearing officer erred in casting it with penalties and attorney's fees. The hearing officer cast Richard Trucking with penalties for its failure to pay indemnity benefits and medical benefits, $2,000.00 respectively. The hearing officer further awarded Fontenot attorney's fees of $6,000.00. Richard Trucking argues that because it believed that Fontenot started the fight and/or that he was an independent contractor, it should not be penalized for taking this close question to court.
Whether an employer should be cast with penalties and attorney's fees is a finding of fact which will not be reversed in the absence of manifest error. Barker v. Allen Canning Co., 95-252 (La.App. 3 Cir. 10/4/95); 663 So.2d 320; writ denied, 95-2688 (La.1/12/96); 666 So.2d 323. An employer will only be responsible for penalties and attorney's fees if it fails to reasonably controvert a workers' compensation claim, and if its failure to pay benefits is arbitrary, capricious, and without probable cause. La.R.S. 23:1201, 1201.2. However, an employer will not be penalized for bringing a close issue to court. Granger v. Nelson Logging, 96-223 (La.App. 3 Cir. 12/4/96); 685 So.2d 400.
The hearing officer found Richard Trucking arbitrary and capricious, noting that it failed to investigate Fontenot's claim and her finding that Fontenot's job so easily met the manual labor exception for independent contractor under La.R.S. 23:1021(6). In this instance, we find that the hearing officer committed manifest error in casting Richard Trucking with penalties and attorney's fees.
*183 Richard testified that Richard Trucking refused to pay medical and indemnity benefits based on Fontenot telling him that he started the fight, and because he thought Fontenot was an independent contractor. We find that the issue of whether Fontenot was an independent contractor was a sufficiently close issue for which Richard Trucking should not be penalized for bringing to court for resolution. We think this true especially based on the fact that we could find no case specifically holding that truck drivers are manual laborers. For these reasons, we find that the hearing officer erred in assessing Richard Trucking with penalties and attorney's fees, and her decision on this issue is reversed accordingly.

CONCLUSION
For the foregoing reasons, we reverse the decision of the hearing officer increasing the temporary total disability benefits awarded to the plaintiff-appellee, Keith Fontenot, by fifty percent, and awarding penalties and attorney's fees. In all other respects, the decision is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.