I2DALEY, Judge.
This is an appeal by the plaintiff, from a judgment denying worker’s compensation benefits. For reasons assigned, we affirm.

FACTS:

The testimony and evidence admitted at trial established that James Johnson owned two tractor-trailer trucks which were leased exclusively to the defendant, Portserv Transportation, (hereinafter Portserv.) Mr. Johnson drove one of the trucks and employed the plaintiff, Frank Savoy, as well as others to drive the other truck.
On May 11, 1989, Mr. Savoy was riding as a passenger in a truck driven by Mr. Johnson while hauling materials for Portserv. They were involved in an accident in which Mr. Savoy sustained serious injuries. Mr. Johnson’s injuries were fatal.
Mr. Savoy filed an action in tort against Portserv. Portserv and their liability insurer alleged that Mr. Savoy’s exclusive remedy was in worker’s compensation. |8Mr. Savoy then filed a claim for worker’s compensation benefits which was stayed pending the termination of the tort suit. On June 4, 1993, Mr. Savoy settled the tort suit. He then proceeded with the Worker’s compensation suit.[1]
*56 At the trial of this matter, Mr. Savoy testified that he became employed by Port-serv on September 12, 1988. This testimony was supported by an application for employment introduced into evidence. He testified that he drove one of Mr. Johnson’s trucks exclusively for Portserv. He was paid cash by Mr. Johnson. In May of 1989, he was informed by Portserv’s employees in New Orleans that he had to go to Portserv’s main terminal in Houston in order to update his file. He was informed that he could not drive any trucks for Portserv until this was accomplished. The New Orleans office arranged for him to ride to Houston with Mr. Johnson in order to complete the necessary paperwork to become recertified as a driver in compliance with the Department of Transportation standards.
Mr. Savoy testified that he and Mr. Johnson left the New Orleans office at approximately 10:30 p.m. on May 8,1989. He assisted Mr. Johnson in securing the trailer to the truck and the load to the trailer. When they arrived in Houston he started to fill out the paperwork required for recertification. He was then informed that in order to be recer-tified, he must present his Social Security card. Without his original Social Security Card, Mr. Savoy could not be recertified. It was then necessary for |4he and Mr. Johnson to stay in Houston so that Mr. Johnson could rest the mandatory eight hours before driving the truck back to New Orleans. Mr. Savoy further testified that on the return trip, Mr. Johnson became ill and he drove the truck. The truck then experienced mechanical problems. A mechanic repaired the truck and Mr. Johnson drove the truck. While Mr. Savoy was asleep in the sleeping compartment they were involved in an accident. Mr. Savoy did not recall the details of the accident, but did describe the severe and disabling injuries he sustained.
On cross examination, Mr. Savoy testified that in May 1989, he felt he was not employed by anyone because he could not drive the truck until he went to Houston and filled out the necessary forms to update his file. Deposition testimony from the tort suit was admitted into evidence in which Mr. Savoy testified that he went to Houston in order to “fill out an application for employment.” Mr. Savoy further testified in his deposition that he was told he could not work for Portserv until the file was updated. In his third deposition, Mr. Savoy testified that he did not work for Portserv because he did not fill out the application because they would not accept his Louisiana driver’s license as proper identification.
Plaintiffs wife, Peggy Savoy, testified that she remembered her husband calling her from Houston and telling her that he could not work for Portserv. Portions of her deposition testimony were introduced in which she testified that during this phone call her husband stated that he would not be able to work for Portserv until he went back to Houston with his Social Security card and reapplied for employment. She also testified in her deposition that she did not expect her husband to be paid as a result of this trip to Houston.
The deposition testimony of Ronald Morgan, the Safety Director of Portserv, was also introduced into evidence. Mr. Morgan testified that Mr. Savoy was |sterminated from Portserv on December 21, 1988. When it came to his attention that Mr. Savoy continued to drive trucks for Portserv after that time, he wrote a letter to Mr. Johnson dated May 1, 1989, which stated that Mr. Savoy’s file had been terminated. The letter explained that Mr. Savoy’s license was not current according to Department of Transportation (DOT) standards and that Mr. Savoy could not drive any trucks under Portserv’s control until Mr. Savoy was transported to Portserv’s main terminal in Houston to update his file to confirm with the DOT standards. The letter further stated that Mr. Savoy would have to be recertified before he could drive trucks for Portserv. Mr. Morgan then arranged for Mr. Savoy to come to Houston for recertification. When Mr. Savoy arrived in Houston without his Social *57 Security card, he could not be recertified. The partially filled out “Driver’s Application for Employment” was attached to Mr. Morgan’s deposition. Mr. Savoy filled out the top portion of the document and a note was attached to the document by Mr. Morgan which stated “not completed; applicant did not have required documents.”
At the conclusion of the trial, Mr. Savoy was denied worker’s compensation benefits, with the trial court making the following findings:
1. Claimant was not employed by Port-serv on May 11,1989.
2. Claimant had been employed by Port-serv from September 12, 1988 through May 1,1989.
3. Claimant was severely injured in the accident of May 11, 1989 and has recovered money for damages in the tort suit against the same employer, Portserv.
4. Claimant admitted in his deposition testimony on December 19,1989, that he was not employed by Portserv on the date of the accident.
5. Claimant has recovered in the tort action for his injury; and he is prohibited by statute from recovering in tort and worker’s compensation against the same employer for the same injury.
|s6. Claimant is not entitled to any workers’ compensation benefits from the defendant.
Claimant has timely appealed this judgment.

DISCUSSION:

Our review of workers’ compensation cases is governed by the manifest error standard, that is, we may not set aside the tidal court’s finding of fact in absence of “manifest error” or unless it is “clearly wrong.” Fontenot v. J.K. Richard Trucking, 97-220 (La.App. 3rd Cir., 6/4/97), 696 So.2d 176. In applying this standard the appellate court must determine whether the factfin-der’s conclusion was a reasonable one, after reviewing the record in its entirety. Id. After reviewing the record, an appellate court may only set aside a hearing officer’s factual findings if there is no reasonable factual basis for the hearing officer’s findings and they were clearly wrong. Kennedy v. Martin Gas Transport. Co., Inc. 96-100 (La.App. 3rd Cir., 8/21/96), 680 So.2d 1195. Where a conflict exists in the testimony, reasonable inferences of fact should not be disturbed on appeal, even though the appellate court may feel its own evaluations and inferences are more reasonable than the fact-finder’s. Fontenot, supra. Whether or not an individual is an employee is a factual determination to be decided on a case by case basis. Id.
On appeal, Mr. Savoy argues that the trial court was manifestly erroneous or clearly wrong in finding he was not an employee of Portserv on the date of the accident. He contends that the only reason he was on the truck at the time of the accident was because he was instructed by Portserv to go to Houston, and that Portserv provided the transportation to Houston. He further argues that he was not terminated by the May 1, 1989, rather the letter simply stated his file had to be updated before he could drive the truck.
|7After a thorough review of the record, and applying the well settled rules of appellate review, we cannot say that the trial court committed manifest error in finding Mr. Savoy was not employed by Portserv at the time of the accident. This finding is reasonable and is supported by the record. There are several instances in the record in which Mr. Savoy denies that he was an employee of Portserv on the date of the accident. In fact, in the Disputed Claim for Compensation filed by Mr. Savoy, he states “plaintiff disputes that he was an employee of Portserv.”
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal to be paid by appellant.

AFFIRMED.

. The worker’s compensation suit was dismissed by the worker’s compensation court on August *56 22, 1990. Claimant's move to have the suit reinstated was denied. On appeal to this court the judgment denying claimant's motion to reinstate his claim was vacated and the matter was remanded. Savoy v. Portserv Transportation Co., Inc., 96-241, (La.App. 5th Cir. 8/28/96), 680 So.2d 102. The trial which is the subject of this appeal followed.