796 So.2d 887 (2001)
Sean C. GUILLORY
v.
OVERLAND EXPRESS COMPANY.
No. 01-419.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*888 M. Terrance Hoychick, Young, Hoychick & Aguillard, Eunice, LA, Counsel for Plaintiff/Appellant, Sean C. Guillory.
Debra Talbot Parker, Egan, Johnson & Stiltner, Baton Rouge, LA, Counsel for Defendant/Appellee, Overland Express Company and Louisiana Workers' Compensation Corporation.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION and ELIZABETH A. PICKETT, Judges.
PICKETT, Judge.

FACTS
This is an action for worker's compensation benefits which arises from a job-related injury sustained by the plaintiff, Sean C. Guillory, on November 12, 1996. Mr. Guillory was injured when he fell while trying to release a pin on the trailer which helped secure the trailer's load.
Mr. Guillory entered into an agreement with Overland Express to drive a tractor-trailer rig from New Orleans to Houston and back, delivering twenty- and forty-foot containers which were mechanically loaded and off-loaded onto the trailer. The claimant drove his own truck. Overland Express Company supplied the trailer to be pulled by the truck. It was while delivering one of these loads in Houston that the injury occurred.
Mr. Guillory received benefits from Overland pursuant to a disability policy from the date of the accident until November 12, 1998. Upon termination of these benefits, the plaintiff hired legal counsel and made demand for continuation of benefits as he maintained he was not yet able to return to work. When the defendant failed to comply, he brought an action to recover workers' compensation benefits.
This matter came for hearing before a workers' compensation judge. After hearing the evidence, the workers' compensation judge granted the defendant's motion *889 for involuntary dismissal. He determined that the plaintiff was not an employee but was, instead, an independent contractor. He further ruled that the work performed by the plaintiff did not fall under the manual labor exception created by La.R.S. 23:1021(6).
From this ruling, the plaintiff appeals.

DISCUSSION
The plaintiff sets forth three separate Assignments of Error as follows:
1) The workers' compensation judge committed manifest error in holding that the plaintiff's work as a truck driver was not manual labor;
2) The workers' compensation judge committed manifest error in allowing into evidence, over objection, and relying on a copy of a document which was not authenticated and for which no testimony was offered to lay a foundation for its admissibility;
3) The workers' compensation judge committed manifest error in finding that plaintiff was an independent contractor.
For purposes of clarity of discussion, we will address these assignments of error out of order.
The plaintiff argues the workers' compensation judge committed manifest error by allowing a document into evidence which he claims was not authenticated and for which he argues no foundation was laid.
The document at issue is the "Independent Contractor Agreement," which the defendant claims is the entire agreement between the parties relating to work done by the plaintiff for the defendant.
Generally, [t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. La.Code Evid. art. 901(A). An example of authentication or identification conforming with the requirements of this Article is the testimony of a witness with knowledge. La.Code Evid. art. 901(B)(1). The record reflects defense counsel questioned the plaintiff as to the document at issue. The plaintiff acknowledged having signed some documents but maintained he did not read them. He disputed whether the document presented to him was the agreement he signed, maintaining that what he remembered signing was only four or five pages long. He did, however, positively identify his signature on several pages of the document presented at trial. We find no error in the court's determination that the contract was sufficiently authenticated and admission of it into evidence.
The plaintiff argues the workers' compensation judge erred in finding the plaintiff was an independent contractor.
According to La.R.S. 23:1021(6), an independent contractor is:
[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
"The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis." Fontenot v. J.K. *890 Richard Trucking, 97-220, p. 7 (La.App. 3 Cir. 6/4/97); 696 So.2d 176, 180.
Several conditions must be met for there to be a principal and independent contractor relationship:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Id. (quoting Stovall v. Shell Oil Co., 577 So.2d 732, 738-9 (La.App. 1 Cir.), writ denied, 582 So.2d 1309 (La.1991)).
The workers' compensation judge in the instant case ultimately determined the plaintiff was an independent contractor. Findings of fact by a trial court may not be set aside in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In Stobart v. State, ex rel. DOTD, 617 So.2d 880 (La.1993), the court announced a two-part test for the reversal of a factfinder's determination: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly wrong). In the instant case, we find that a reasonable factual basis does exist for the findings of the workers' compensation judge and the record supports those findings.
The workers' compensation judge found there was a valid contract between the parties as reflected by the document we previously determined was properly admitted. It further determined that how the plaintiff got the loads to their destination was within his control and not subject to the direction of the defendant. It noted the independent nature of the work. The record reflects the plaintiff was paid a specific price, $.90 per mile, whether he was loaded or empty, when traveling to Houston. A specific duration for his work was agreed upon. The contract provided for a term of six months and specified in the event of a breach of the agreement by either party, the party committing the breach may be held liable for damages. Clearly, the workers' compensation judge made findings which support the conclusion that the plaintiff was an independent contractor in light of the criteria set forth in Fontenot. The record supports those findings. The workers' compensation judge was not, therefore, manifestly erroneous in its determination that the plaintiff was an independent contractor. We find no error in the court's ruling on that issue.
Since it has been determined that the plaintiff is in fact an independent contractor, we must determine whether the plaintiff falls under the exception created by the statute that would allow him to qualify for workers compensation benefits. If the "physical" element of his work predominates over the "mental" element, then he is considered a manual laborer. Riles v. Truitt Jones Constr., 94-1224 (La.1/17/95); 648 So.2d 1296.
All parties cite Fontenot in their arguments as to whether or not, under the facts of this case, the plaintiff should be classified as a manual laborer. Those arguments *891 seem to center on whether or not the plaintiff loaded and unloaded his truck. Indeed, the workers' compensation judge commented in his discussion of these facts that in Fontenot and other cases the court, apparently referring to the appellate court on review, seemed to be focusing on whether a driver had to load and unload his truck to determine whether he was a manual laborer.
First, reliance on the court's ruling in Fontenot is misplaced when determining whether an individual who meets the criteria as an independent contractor falls under the manual labor exception. In Fontenot, the court determined that the truck driver was not an independent contractor but was in fact an employee of the defendant.
Second, the sole issue of whether or not a truck driver loads and unloads his truck is not the only factor to be considered in determining whether a truck driver is a manual laborer, although it is a factor which may be considered.
The issue of whether an individual's job involves manual labor must be addressed on a case-by-case basis, considering the individual facts of each case. In the matter before us, the defendant actually loaded and unloaded the trailer. The plaintiff was responsible for hooking the trailer to his truck and the maintenance of the trailer, which included adjusting the brakes and checking the tires and lights. He was responsible for securing the load to the trailer and for releasing the load when it was to be off-loaded. He also drove the truck. Obviously, some aspects of his duties were "manual" in nature.
To fall within the manual labor exception, however, as provided for in La.R.S. 23:1021(6), the plaintiff must show not only that he engaged in manual labor, but that a "substantial part" of his work time was spent in manual labor. We do not find the physical act of actually driving the truck in itself is "manual labor" as defined by law. We must, therefore, look to the other tasks the plaintiff performed in accomplishing his job. We find he has failed to prove that he spent a substantial part of his work time engaged in manual labor. The workers' compensation judge was, therefore, correct in his determination that the plaintiff did not fall under the manual labor exception. The appellant is not, therefore, entitled to workers' compensation benefits. Therefore, we affirm the judgment below in all respects and assess costs of this appeal to Sean C. Guillory.
AFFIRMED.