# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1566


**BOBBY W. BURKS**

**VERSUS**

**CITY SAVINGS BANK**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 06-8319
CHARLOTTE BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Thomas J. Solari**
**Woodley, Williams Law Firm, L.L.C.**
**One Lakeshore Drive, Suite 1750**
**Lake Charles, LA 70601**
**(337) 433-6328**
**Counsel for Defendant/Appellee:**
   **City Savings Bank**

**W. Jay Luneau**
**Attorney at Law**
**1239 Jackson Street**
**Luneau Plaza, Suite 101**
**Alexandria, LA 71301**
**(318) 767-1161**
**Counsel for Plaintiff/Appellant:**
   **Bobby W. Burks**

**DECUIR, Judge.**

The issue presented for review in this appeal is whether the workers' compensation judge properly declined to award penalties and attorney fees following the employer's unsuccessful defense of employment status. The workers' compensation judge determined the claimant was an employee and not an independent contractor; nevertheless, the judge found the claim was reasonably controverted and denied the claimant's request for penalties and attorney fees. After reviewing the record before us, we find no error in the decision rendered below and affirm.

The claimant, Bobby Burks, was hired by City Savings Bank in 1999 as a part-time employee earning $6.00 an hour. His job duties included driving, in a bank-owned vehicle, from the main branch of City Savings Bank to other branches delivering money, documents, and supplies, as well as shredding documents and handling mail. Mr. Burks worked in this capacity as an employee until 2001 when health issues forced him to quit. He was replaced by his brother, Darval Burks. Some time after Darvel was hired, Mr. Burks asked the bank if he could fill in for Darvel when he was unable to go in to work. The bank agreed, and Mr. Burks became a fill-in courier. His work was regarded by the bank as contract labor; the bank also did not consider Mr. Burks' work to be manual labor, which would be covered under the workers' compensation laws. He worked minimal hours; in fact, Mr. Burks' earnings from the bank totaled $121.87 in 2003, $106.75 in 2004, and $467.32 in 2005.

While traveling from one bank branch to another on December 22, 2005, Mr. Burks was involved in an accident wherein he sustained injuries and the bank-owned vehicle he was driving was totaled. Mr. Burks received medical treatment and was

able to return to work at City Savings Bank on a fill-in basis, in the same capacity as before the accident. In December of 2006, Mr. Burks filed a disputed claim for workers' compensation benefits, which the employer contested.

The defense has maintained throughout the litigation that Mr. Burks was an independent contractor. He worked minimal hours and was paid with a cashier's check marked "contract labor" at the end of each day that he worked. No taxes were deducted from his check. He had the right to decline whenever he was called in to work. The bank kept no personnel file on Mr. Burks, and he was issued a Form 1099 at the end of the year rather than a W-2 Form.

Mr. Burks moved for summary judgment on the issue of whether he was an employee or an independent contractor. He offered evidence in support of his status as an employee or, in the alternative, an independent contractor who performed manual labor and is therefore covered under the workers' compensation laws. For instance, Mr. Burks had no contract with the bank, was paid by the hour, and was always told what he needed to do each day he worked. Finding genuine issues of material fact, the motion for summary judgment was denied. However, at the subsequent trial on the merits, the workers' compensation judge determined that Mr. Burks was presumed to be an employee, and City Savings Bank failed to rebut that presumption. Specifically, the court enumerated the factors listed in *Harrington v. Hebert*, 00-1548 (La.App. 3 Cir. 5/23/01), 789 So.2d 649, and determined that the Bank's selection, control, and power of dismissal regarding Mr. Burks establish that he was an employee, not an independent contractor. "The distinction between employee and independent contractor status is a factual determination to be decided

2

on a case-by-case basis." *Fontenot v. J.K. Richard Trucking*, 97-220, p. 7 (La.App. 3 Cir. 6/4/97), 696 So.2d 176, 180.

The factual issue of Mr. Burks' employment status is not before us. Rather, we need only determine whether the workers' compensation judge erred in finding that the bank reasonably controverted the claim based on the independent contractor defense. Penalties and attorney fees are not due to a claimant where the employer has a bona fide dispute as to whether the employee is entitled to benefits. *Willis v. Alpha Care Home Health*, 01-638 (La. 6/15/01), 789 So.2d 567. Additionally, an employer will not be penalized for bringing a close factual or legal issue to the court for resolution:

> Whether an employer should be cast with penalties and attorney's fees is a finding of fact which will not be reversed in the absence of manifest error. *Barker v. Allen Canning Co.,* 95-252 (La.App. 3 Cir. 10/4/95), 663 So.2d 320; *writ denied*, 95-2688 (La.1/12/96), 666 So.2d 323. An employer will only be responsible for penalties and attorney's fees if it fails to reasonably controvert a workers' compensation claim, and if its failure to pay benefits is arbitrary, capricious, and without probable cause. La.R.S. 23:1201, 1201.2. However, an employer will not be penalized for bringing a close issue to court. *Granger v. Nelson Logging*, 96-223 (La.App. 3 Cir. 12/4/96), 685 So.2d 400.

*Fontenot*, 696 So.2d at 182.

In a workers' compensation case, our review is governed by the manifest error or clearly wrong standard. *Harrington*, 789 So.2d 649. After reviewing the instant matter, we find the issue of whether Mr. Burks was an employee or an independent contractor was a sufficiently close issue for which City Savings Bank should not be penalized for bringing to court for resolution. While the workers' compensation judge found the law and facts supported Mr. Burks' claim, the judge also determined the facts and law were not so clear and irrefutable so as to render the claim one that

3

could not be reasonably controverted.  There is no manifest error in the decision rendered below by the workers' compensation judge.

Costs of this appeal are assessed to the defendant, City Savings Bank.

**AFFIRMED.**