418 So.2d 685 (1982)
Amber Faith ADAMS
v.
The TIMES-PICAYUNE PUBLISHING CORPORATION, et al.
No. 13022.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1982.
Lloyd R. Walters, Slidell, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John G. Gomila, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
The question in this accident case is whether the Times-Picayune Publishing Corporation was the employer of the defendant truck driver at the time of the accident or whether that driver was an independent contractor.
*686 Plaintiff, an injured guest passenger, appeals from the dismissal, on summary judgment, of her claim against the Times-Picayune Publishing Corporation (the Picayune), alleged to be the "employer" of the host-driver who "was acting as agent and employee, within the course and scope of his employment" at the time of the accident. We affirm.
According to plaintiff's affidavit in opposition to the motion for summary judgment, the accident occurred while she was riding in a vehicle driven by Anton George Heine, II on a trip solely for "the purpose of fulfilling his obligation and employment duties" with the Picayune to distribute newspapers. Plaintiff stated that at the time of the accident she and Heine were returning to Slidell from Chalmette where Heine had received the newspapers at a "substation" and had distributed them to carriers. In answer to the Picayune's interrogatories, plaintiff also stated Heine was carrying several newspapers for placement for sale in Slidell and driving a truck that was used about 90% of the time for his "work" with the Picayune. She said that he was "employed" by the Picayune as a "distributor" responsible for pickup of the papers from his "newspaper storehouse" by carriers.
In support of its motion for summary judgment, the Picayune produced the affidavit of its circulation director, William Connelly who stated that an "Independent Dealer Contract" existed between the Picayune and Heine. Heine, as independent dealer, purchased newspapers from the Picayune for resale and delivery to his customers in a defined territory in St. Bernard Parish. The Picayune paid no salary or wages to Heine, and his income was derived solely from the profits he was able to earn on the sales of his newspapers to his home delivery and other customers. The Picayune did not withhold Federal, State, unemployment or social security taxes. Further, Heine was not listed on the Picayune's payroll or policies of liability insurance and did not participate in Picayune employee benefit programs.
According to Connelly's affidavit, the Picayune did not participate in Heine's decisions concerning the manner of delivering his papers, granting credit to his customers or any other aspect of his business operations. The Picayune did not participate in Heine's selection, training, discipline or compensation of his employees. Heine was not required to purchase a minimum number of newspapers and had discretion concerning the satisfaction of his customers.
A copy of the "Independent Dealer's Contract" attached to Connelly's affidavit provides that the independent dealer is to "use his own judgment in making sales", "adopt his own method for the conduct of his business", and "use his own judgment in making deliveries and employing personnel...." Under the contract Heine is to "pass on the credit risk of each subscriber" in his area and may reject poor credit risks. Heine agreed to sell regularly and promptly deliver the paper in a manner satisfactory to subscribers in his area and to furnish the Picayune with a list of subscribers when requested.
The contract further provides that the independent dealer is responsible for payment to the Picayune of the newspapers he obtains, whether or not he obtains payment from the subscribers. Unsold copies are not returnable to the Picayune. Where subscribers remit the annual cost of subscription directly to the Picayune, it maintains an account for the independent dealer and pays him his share monthly when he pays the Picayune for his newspapers.
Heine further agreed to hold the Picayune harmless in any claim arising from his work and expressly agreed that he "occupies at all times the position of purchaser and independent contractor and controls all ways and means relating to the proper performance and completion" of the contract.
Summary judgment is available only when the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." See LSA-C.C.P. Art. *687 966, Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4th Cir. 1976). Plaintiff's claim against the Picayune rests on whether there is an employment relationship between Heine and the Picayune, which is a mixed question of law and fact. See Farmer v. Hartford Acc. & Indem. Co., 368 So.2d 487 (La.App. 3rd Cir. 1979), writ denied, 371 So.2d 681 (La.1979). Nonetheless, summary judgment is proper in our case if there is no genuine dispute as to a material fact underlying the business relationship between Heine and the Picayune.
The underlying facts in our case are uncontroverted. There is no dispute that Heine distributed Picayune newspapers and that the accident occurred on a mission by Heine from the substation in St. Bernard in connection with his work as a newspaper distributor. Similarly, Heine's relationship with the Picayune, as set forth in Connelly's affidavit and answer to the interrogatories, is not disputed.
Although plaintiff alleges in her petition and affidavit that Heine was "employed" by the Picayune and was driving solely for the purpose of fulfilling his "employment duties" with the paper, such statements are conclusory facts and conclusions of law that cannot be relied upon on a summary judgment motion. See Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982).
That the accident occurred while Heine was engaged on a mission in connection with distributing his newspapers is not in controversy. The real issue is whether or not the undisputed facts establish an employment relationship between Heine and the Picayune.
The principal element in determining whether an employment relationship exists is the right of control and supervision over an individual. Savoie v. Fireman's Fund Ins. Co., 347 So.2d 188 (La.1977); Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). To be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the power of control and dismissal. Savoie v. Fireman's Fund Ins. Co., supra; Dauzat v. Crites, 237 So.2d 697 (La.App. 4th Cir. 1970).
In Monnerjahn v. Times-Picayune Pub. Co., 67 So.2d 756 (La.Orl.1953), plaintiff sought recovery in tort against the Picayune for injury resulting from the act of a newspaper carrier who plaintiff alleged was an employee of the Picayune and not an independent contractor. After examining the contract between the carrier and the newspaper, which was similar to the one in our case, the Court dismissed plaintiff's suit, concluding that no employment relationship existed since the Picayune did not have the right to supervise and control the movements of the contract carriers.
Similarly, in Verrett v. Houma Newspapers, Inc., 305 So.2d 547 (La.App. 1st Cir. 1974), a newspaper publisher was not liable for the acts of its newsboy in delivering newspapers on his bicycle where the newsboy had purchased his papers and supplies from the publisher and was solely responsible for collecting from subscribers, and where the publisher exercised no control over the manner in which the carriers made their deliveries but was interested only in regular and prompt delivery.
In our case, not unlike the Monnerjahn and Verrett cases, the Picayune exercised no control over the manner in which Heine distributed and sold newspapers to the subscribers. Under the rationale of Monnerjahn and Verrett, we conclude the trial judge properly concluded that the Picayune was entitled to a dismissal.
In so holding, we are mindful that Monnerjahn and Verrett apparently were not summary judgment cases and that summary judgment is not a substitute for a trial on the merits. Nonetheless, summary judgment is proper in our case where there exists no genuine issue of material fact and a party, as a matter of law, is entitled to a summary judgment. LSA-C.C.P. Art. 966. Summary judgment is proper in the instant case.
Accordingly, the judgment is affirmed.
AFFIRMED.