CRAIN, Judge.
This is an appeal from a judgment granting a motion for summary judgment.
Plaintiff’s suit alleges that Carl Henry Johnson was operating a Honda motorcycle east on Highway 190 in Hammond, Louisiana, when it was struck by an automobile operated by Donnie Wood. It is claimed that Donnie Wood was in the course and scope of her employment with Hammond Daily Star Publishing Co., Inc., (Daily Star) delivering newspapers when the accident occurred. The Daily Star filed a motion for summary judgment claiming that Wood was not an employee of the paper but an independent contractor. The trial court found there was no material issue of fact that Wood was an independent contractor and accordingly rendered judgment dismissing the Daily Star and its insurers. This appeal ensued.
The sole issue is whether there is any material issue of fact that the carrier Wood was an independent contractor.
The pleadings and affidavits on record indicate that Wood’s relationship with the Daily Star began when she delivered papers for a friend, Wilda Phillips, who had a Daily Star route. According to Wood she was paid $200 per month by Phillips to assist her in her deliveries.
In March of 1988, Wood began working for the Daily Star as a telephone solicitor. She was paid by the hour by the Daily Star for this work.
In May of 1988, Wood took over an abandoned route. For this she was paid by the Daily Star by the hour.
On June 1, 1988, Wood executed a motor route contract with Daily Star and began to deliver papers on her own route. From that point on her relationship with the Daily Star was governed by the motor carrier contract which was in effect on October 18, 1988, the date of the accident. Her status is governed by the consequences of being a contract paper carrier, not by any employment relationship that preceded June 1, 1988.
Three leading cases in Louisiana have considered the question of whether a paper carrier operating under a contract is an independent contractor. All three have answered the question in the affirmative.
In Monnerjahn v. Times Picayune Pub. Co., 67 So.2d 756 (Orl.La.App.1953) the question arose in the context of whether an injured carrier could sue in tort as an independent contractor in workman’s compensation as an employee. The Court found an independent contractor relationship where the contract and ability to control consisted of the following:
1) The paper sold the papers to the carrier;
2) The carrier could accept or reject subscribers based on their credit;
3) The subscriber could remit to the publisher, the publisher would hold the money in an account for the carrier and remit when the carrier purchased papers for delivery;
4) Cancellation of either party on two weeks written notice;
*1245 5) The papers would be sold at the rate established by the publisher;
6) The carrier would furnish the publisher a correct list of subscribers at least one week before termination of the contract;
7) The carrier would provide substitutes;
8) The carrier paid for the papers sold regardless of whether the subscriber paid;
9) On giving up the route the carrier would instruct a replacement contract carrier; and
10) The carrier could use his own judgment and method in making sales and deliveries.
In Verrett v. Houma Newspapers, Inc., 305 So.2d 547 (La.App. 1st Cir.1974), a suit for damages ensued from a 15 year old carrier for defendant hitting a 7 year old child when the carrier was delivering papers on a bicycle. Houma employed approximately 102 carriers, all of whom executed a lease agreement. The parents also executed the agreement for minors. The agreement leased to the carrier a subscriber’s list subject to conditions contained therein which basically correspond to those found in Monnerjahn. Additionally, the paper sold the carrier rubber bands and plastic sleeves to protect the paper during bad weather, did not carry the carriers on the payroll and withheld no taxes or Social Security. Deliveries were required during certain hours on penalty of termination of the lease. As in Monnerjahn the court specifically pointed out that “Houma did not reserve or retain any right of control whatsoever over the manner in which Matherne made his deliveries of newspapers”. Verrett, 305 So.2d at 551.
In Adams v. Times-Picayune Pub. Corp., 418 So.2d 685 (La.App. 4th Cir.1982) plaintiff sued for injuries received while riding as a guest passenger in a vehicle driven by Anton George Heine was returning from having distributed papers to carriers. Summary judgment was granted dismissing Adams’ suit against the Times-Picayune finding Heine an independent contractor. The Independent Dealer’s Contract was almost identical to those in Mon-nerjahn and Verrett, the court again pointing out that “the Picayune exercised no control over the manner in which Heine distributed and sold newspapers to the subscribers”. Adams, 418 So.2d at 687.
In the case before us the contract, the affidavits, and the Rules and Regulations for Daily Star Carriers show the following:
1) The sale of the paper to the carrier;
2) The paper is sold at a rate established by the publisher;
3) Cancellation by either party on two weeks notice;
4) An up-to-date subscriber’s list to be furnished to the publisher upon request or upon termination of the contract;
5) Payment by the carrier for papers sold to the carrier at the established wholesale rate;
6) The carrier is required to furnish a substitute;
7) Payments made by a subscriber directly to the publisher are credited to the carrier’s account when the carrier pays the bill for newspapers purchased by the carrier;
8) The carrier can refuse delivery to a subscriber for non-payment;
9) The carrier is encouraged to solicit new customers;
10) The carrier takes the loss for unsold papers;
11) The carriers are not carried as employees and no taxes are withheld; and
12) No control is exercised over the manner in which the papers were delivered.
Our analysis of the record leads to the conclusion that the undisputed facts do not disclose any significant differences in the contract in effect here and the one’s involved in the three cited cases. We also do not find any areas of dispute that would lead to the conclusion that more control could be or was exercised here than in Monnerjahn, Verrett or Adams.
The trial court’s granting of the summary judgment was correct. Appellants are to pay all costs attributable to the *1246 motion for summary judgment of the Daily Star'and its insurers.
AFFIRMED.