JiDECUIR, Judge.
This is an appeal by plaintiffs, James and Donna Simon, individually and on behalf of their minor children, James Ray and Christal Nichole Simon, from the judgment of the trial court granting a motion for summary judgment filed on behalf of defendants, The Orange Leader Newspaper, Inc., and Cox Texas Publications d/b/a The Orange Leader (Orange Leader).
This action arises out of an automobile collision which occurred in the early morning hours on September 3, 1989, in Calcasieu Parish, Louisiana, when plaintiffs vehicle struck a vehicle which had been abandoned *625 by defendant Shirley Kibodeaux. Prior to the accident, defendant Horace Mearse had contracted with defendant Kibodeaux to run his newspaper route during his absence. Plaintiffs allege that defendants Kibodeaux and Mearse were employees of Orange Leader and that Orange Leader is therefore liable for its carriers’ negligence. A motion for summary judgment was filed by Orange Leader on the grounds that defendant Mearse was an independent contractor and not an employee of Orange Leader, and that no relationship existed, contractual or otherwise, between Orange Leader and defendant Kibodeaux. The trial judge rendered judgment in favor of Orange Leader dismissing plaintiffs’ claims against this defendant.
Defendant Mearse contracted with Orange Leader to purchase newspapers at a wholesale rate for resale and delivery. Mearse derived his profit from the difference in the wholesale price and retail Rprice. Mearse was not paid wages; neither social security nor income tax was withheld by Orange Leader; and no health insurance, retirement or pension plan was provided by Orange Leader. Pursuant to the contract, Mr. ■ Mearse assumed the risk of loss regarding damaged, destroyed, stolen, lost, or unsold newspapers. Mr. Mearse was responsible for selecting, furnishing, and controlling his own equipment, method and means of delivery and was responsible for responding to complaints and service requests. If Mr. Mearse needed a substitute, he was responsible for providing one at his own expense and the substitute was to be under the sole control and direction of Mr. Mearse.
Defendant Kibodeaux’s testimony is uncon-tradicted that she was contacted by defendant Mearse to substitute in his absence; that she did not report to Orange Leader; that she received no instructions or direction from Orange Leader; that no contract existed between she and Orange Leader at the time of the accident; that the arrangement was “between Horace and myself;” and that she was paid by defendant Mearse, not Orange Leader.
Whether an employment relationship existed between Mearse and Orange Leader and Kibodeaux and Orange Leader at the time of the accident is a mixed question of law and fact. Adams v. Times-Picayune Pub. Corp., 418 So.2d 685 (La.App. 4th Cir.1982), citing Farmer v. Hartford Acc. & Indem. Co., 368 So.2d 487 (La.App. 3d Cir.), writ denied 371 So.2d 618 (La.1979). Where there is no genuine dispute as to a material fact underlying the business relationship between Mearse and Orange Leader and Kibodeaux and Orange Leader, summary judgment is proper. LSA-C.C.P. art. 966. An independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the results of his work, and not as to the means by which it is accomplished. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955); Maxwell v. Bernard, 343 So.2d 431 (La.App. 3d Cir.1977). It appears that such is the case in the matter sub judice. Applying the jurisprudence to the facts of this case, we conclude that the trial judge correctly found defendant Mearse to be an independent contractor and not an employee of Orange Leader. We further conclude that the trial judge was correct in his holding that an employment relationship did not exist between Orange Leader and defendant Kibodeaux. See also Verrett v. Houma Newspapers, Inc., 305 So.2d 547 (La.App. 1st Cir.1974).
Accordingly, the judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.