843 So.2d 665 (2003)
Bridgett WHITLOW
v.
THE SHREVEPORT TIMES.
No. 02-1215.
Court of Appeal of Louisiana, Third Circuit.
April 23, 2003.
*666 George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, LA, for Plaintiff/Appellant, Bridgett Whitlow.
Robert Dunkelman, Tara Johnson, Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, Shreveport, LA, for Defendant/Appellant, Gannett River States Publishing Corporation d/b/a The Times.
Court composed of NED E. DOUCET, JR., Chief Judge, ULYSSES GENE THIBODEAUX, and ELIZABETH A. PICKETT, Judges.
DOUCET, Chief Judge.
Claimant, Bridgett Whitlow, appeals a judgment of an office of workers' compensation judge dismissing her suit for benefits. Finding that she was an independent contractor and that she did not spend a substantial part of her work time in manual labor in carrying out the terms of her contract, the workers' compensation judge dismissed Bridgett Whitlow's claim against The Shreveport Times. We affirm the judgment of the workers' compensation judge (WCJ).

FACTS
Claimant, Bridgett Whitlow, was a newspaper delivery person for Gannett River States Publishing Corporation, publisher of The Shreveport Times newspaper (hereinafter The Times) in Shreveport. Her delivery area was in rural Sabine Parish. Ms. Whitlow alleges that on May 2, 2001, while delivering newspapers, she was dragged from her vehicle and sexually assaulted by two unknown males. Ms. Whitlow sought workers' compensation benefits *667 for the alleged injuries she received during the alleged attack.
The Times denied any liability for compensation benefits asserting two defenses. First, The Times maintains that Ms. Whitlow was not its employee, but rather, was an independent contractor. Its second alternative defense was that the incident which allegedly gave rise to Ms. Whitlow's injuries never happened. The case was decided on the "employer-employee" issue, thus, never reaching the issue of whether Ms. Whitlow was actually the victim of a rape. For the following reasons, we affirm the judgment on the employer-employee issue and pretermit the discussion of any other issues raised as being moot.

LAW AND DISCUSSION
Concerning her status, Ms. Whitlow assigns two errors. First, she maintains that the WCJ erred in finding that she was an independent contractor. Second, she assigns error to the failure by the WCJ to find that, even if she was an independent contractor, she spent a substantial part of her work time in manual labor and was for that reason entitled to benefits. If we were to find in her favor on either of the two appealed issues, she also asks that we determine on the record before us whether she suffered a sexual assault.
Louisiana Revised Statutes 23:1044 provides in pertinent part:
A person rendering service for another in any trades, businesses, or occupations covered by this Chapter is presumed to be an employee under this Chapter.
Ms. Whitlow was rendering service to The Times in its trade, business or occupation on May 2, 2001, and is therefore presumed to have been an employee. As the Claimant seeking benefits, she relied on that presumption. It thus became the newspaper's burden of proof to overcome the presumption. Estate of Harris v. Ledet, 95-485 (La.App. 3 Cir. 11/2/95), 664 So.2d 561, writ denied, 95-2930 (La.2/2/96), 666 So.2d 1102. An alleged employer can rebut this presumption by either (i) establishing that the services were not "pursuant to any trade, business, or occupation (e.g., construction of one's private residence);" or (ii) establishing that "the individual was performing services but was doing so as an independent contractor." 1 Denis Paul Juge, Louisiana Workers' Compensation, § 7:6. In the present case the WCJ found that Ms. Whitlow was performing services for the newspaper but that she was doing so as an independent contractor.
The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Guillory v. Overland Exp. Co., 01-419 (La.App. 3 Cir. 10/3/01), 796 So.2d 887. Findings of fact by a trial court may not be set aside in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Fontenot v. J.K. Richard Trucking, 97-220, pp. 7-8 (La.App. 3 Cir. 6/4/97), 696 So.2d 176, 180, this court examined the law applicable to the determination of one's employment status:
According to La.R.S. 23:1021(6), an independent contractor is:
[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the *668 contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Stovall v. Shell Oil Co., 577 So.2d 732 (La.App. 1 Cir.), writ denied, 582 So.2d 1309 (La.1991). Several conditions must be met for there to be a principal and independent contractor relationship:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Id. at 738-739.
More recently, in Hillman v. Comm-Care, Inc., 01-1140, p. 6-9 (La.1/15/02), 805 So.2d 1157, 1161-63, the Louisiana Supreme Court stated the following:
Inherently, workers' compensation is a remedy between an employer and an employee; it follows then that absent an employer-employee relationship generally there can be no compensation recovery. Johnson v. Alexander, 419 So.2d 451 (La.1982). The Louisiana Workers' Compensation Act is silent on what constitutes an employer-employee relationship; the sole provision on this subject is the statutory presumption of employment status. 1 Denis Paul Juge, Louisiana Workers' Compensation § 7:1 (2001). That presumption provides that "[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." La. R.S. 23:1044. An alleged employer can rebut this presumption by either (i) establishing that the services were not "pursuant to any trade, business, or occupation (e.g., construction of one's private residence);" or (ii) establishing that "the individual was performing services but was doing so as an independent contractor." Juge, supra at § 7:6.
. . . .
In characterizing Hillman as Comm Care's employee, the lower courts based their analysis on a jurisprudentially crafted test for determining whether an employer-employee relationship exists that can be traced back to Alexander v. J.E. Hixson & Sons Funeral Home, 44 So.2d 487 (La.App. 1st Cir.1950). In Alexander, the court turned for guidance to the general statement of law then set forth in 35 Am.Jur. § 3; to wit:
The essence of the [employer-employee] relationship is the right to control. The four primary evidentiary factors considered in deciding the above are
1. Selection and engagement;
2. Payment of wages;
3. Power of [d]ismissal;
4. Power of control.
44 So.2d at 488. The appellate courts in subsequent cases, including the sitter cases noted above, have utilized this test. In so doing, the courts have reasoned that none of the factors is controlling, that the totality of the circumstances *669 must be considered, and that the burden of proof is on the party seeking to establish an employer-employee relationship.
Although the employer-employee relationship is not statutorily defined in the Workers' Compensation Act, an independent contractor is defined. Louisiana Revised Statutes 23:1021(6) reads in part as follows:
[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such results are accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
Applying the four factors in Hillman to the case sub judice we find that Ms. Whitlow contracted with The Times to purchase newspapers at a wholesale rate for resale and delivery. The contract specifically designated Ms. Whitlow as an independent contractor. Ms. Whitlow was not paid wages, but rather derived her profit from the difference between the newspaper's wholesale and retail prices. The Times withheld neither social security nor income tax. The contract specifically provided that Ms. Whitlow would not "be included in any employee benefit plan" of The Times. Ms. Whitlow was responsible for selecting, purchasing, and controlling her own equipment, method and means of delivery, and was responsible for delivering "a copy of the newspaper ... in dry, readable condition ... to each subscriber's satisfaction.". The foregoing was to be accomplished "by whatever manner, means, method or mode" she chose. If Ms. Whitlow needed a substitute, she was responsible for providing one at her own expense and the substitute was to be under her exclusive control and direction. The original contract was for a term of one year and provided for automatic renewal for successive one year periods. The contract also provided for the termination, by either party, under certain conditions.
Paragraph eight of the contract provides as follows:
Contractor [Ms. Whitlow] shall indemnify, defend and hold Company harmless from and against any and all claims, damages, losses and expenses, including, but not limited to, attorneys' fees, that may hereafter be asserted against Company by Contractor or by anyone performing Contractor's obligations under this Agreement or by any other person, for injury or death, damages to property or for any other cause, arising out of any acts or omissions in performing Contractor's obligations under this Agreement, including, but not limited to, use of a motor vehicle. "Claims" as used in the preceding sentence shall include, but not be limited to, any claims brought under any workers' compensation act or plan, disability benefit act or plan, or employee benefit act or plan, that may hereafter be asserted against Company by Contractor or anyone performing Contractor's obligations under this Agreement. All rights of indemnification and to be held harmless under this Agreement shall survive the termination of this Agreement for any act or omission occurring prior to or on the date of termination.
Clearly, this is not the type of contract that would be executed between and employer and its employee.
*670 Finally, Appellant argues that, if for no other reason, she should be entitled to compensation benefits because she spent a substantial portion of her time in manual labor to fulfill her duties under the contract. See La.R.S. 23:1021(6). Manual labor in this context "denote[s] work in which the physical element predominates over the mental," a definition articulated in Welch v. Newport Industries, 86 So.2d 704, 707 (La.App. 1 Cir.1956), and adopted by Riles v. Truitt Jones Construction, 94-1224 La.1/17/95), 648 So.2d 1296. As the WCJ pointed out in reasons for judgment, Ms. Whitlow admitted that she did a significant amount of driving to deliver the newspapers to her customers. However, we must rely on our finding in Guillory v. Overland Express Co., 01-419, p. 6 (La. App. 3 Cir. 10/3/01); 796 So.2d 887, 891, wherein we found the following:
To fall within the manual labor exception, however, as provided for in La.R.S. 23:1021(6), the plaintiff must show not only that he engaged in manual labor, but that a "substantial part" of his work time was spent in manual labor. We do not find the physical act of actually driving the truck in itself is "manual labor" as defined by law. We must, therefore, look to the other tasks the plaintiff performed in accomplishing his job.
Under the terms of her contract, Ms. Whitlow was required to do a lot of "paper-work." She had to maintain up-to-date customer lists and keep records of sales information dating back at least one year. She was also responsible for expanding The Times' business by "seeking out and obtaining new subscribers." Considering the record as a whole, we find Ms. Whitlow failed to prove she spent a substantial part of her work time engaged in manual labor.
In sum, the relationship between a newspaper and its delivery personnel has been the subject of a substantial amount of litigation over the last fifty years. Every appellate court which has considered the issue, including this one, has ruled that the relationship between a newspaper and its delivery persons is not an employer-employee relationship but rather, the courts have uniformly found newspaper delivery persons to be independent contractors. The facts in this case do not differ greatly from those cases and certainly do not warrant a different result. See Monnerjahn v. Times-Picayune Pub. Co., 67 So.2d 756 (La.Orl.1953); Verrett v. Houma Newspapers, Inc., 305 So.2d 547 (La.App. 1 Cir. 1974); Adams v. Times-Picayune Publishing Corp., 418 So.2d 685 (La.App. 4 Cir.1982); Onyeanusi v. Times-Picayune Publishing Corp., 485 So.2d 622 (La.App. 4 Cir.1986); and Simon v. Orange Leader Newspaper, Inc., 94-589 (La.App. 3 Cir.12/7/94), 647 So.2d 624, writ denied, 95-0068 (La.3/10/95), 650 So.2d 1181.
The workers' compensation judge gave six pages of reasons for judgment. Having reviewed the record, we find we agree with his conclusion and find the law and facts support his decision.
The Claimant argues that, because she is claiming to be an employee, her status should be analyzed in that context, drawing on the rule of liberal construction required by the Workers' Compensation Act. From this she argues that the issue of status in a tort context as reflected by the above cases is not an authoritative reference. However, we regard the above decisions as carrying considerable persuasive authority, as the doctrine of jurisprudence constante requires us to do. Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/00), 774 So.2d 119. While Appellant's position is well argued in brief, we feel bound by the preceding fifty years of jurisprudence and leave it up to our supreme court to determine *671 if this seemingly well settled principle is in error.
According, for the reasons set forth above, the judgment of the workers' compensation judge is affirmed. Having affirmed on the issue of Claimant's employment status, we pretermit the discussion of all other issues. Costs of this appeal are assessed against Appellant, Bridgett Whitlow.
AFFIRMED.
THIBODEAUX, J., dissenting.
The majority departs from the time-honored rule of liberal construction of workers' compensation provisions. When one examines the four factors listed in Hillman and scrutinizes the criteria for independent contractor status in the liberal manner in which we must construe workers' compensation laws, the conclusion militates in favor of awarding employee status to Ms. Whitlow.
Indisputably, the newspaper selected and engaged Ms. Whitlow. While she was not paid wages in the sense of an hourly rate nor were deductions made from her earnings, The Times was responsible for paying her whatever she earned according to a formula set out in the contractual agreement. The Times under paragraph nine of the agreement had the power to dismiss her in the event of a material breach of the contract or the commission of a wrongful act. It also had the power to dismiss her without liability by giving thirty days written notice. The Times established the times of delivery and had the right to designate the place and time for pick up of the newspaper. Although Ms. Whitlow could "deliver in any order and by whatever manner, means, method or mode Contractor chooses," paragraph seven of the agreement gave the company the power to "change its method of distribution or may continue the use of Contractor to perform the services provided for in this Agreement." The Times established also the time of payment from Ms. Whitlow to the newspaper. As Hillman explained, the essence of an employer-employee relationship is the right to control the method and means by which an individual performs the work tasks. In my view, the newspaper controlled the "methods and means" by which Ms. Whitlow performed the work of delivering the newspapers.
The primary criterion in an independent contractor status is control over the results and not the means by which a result is accomplished. The Times exerted more than control simply over the results. The Times under the contractual provisions of the Home Delivery Wholesale Agreement also controlled the means to accomplish the results. While there was a valid contract between the parties, Ms. Whitlow did not employ "non-exclusive" means in accomplishing the results. Indeed, under paragraph seven of the Home Delivery Wholesale Agreement, The Times had the right to change the method of distribution whenever it wanted to. While a specific time was agreed upon (one year), the contract was subject to termination under paragraph nine by giving thirty days advance written notice without liability for any breach and "without any breach having occurred." Moreover, under paragraph seven, The Times could "discontinue the use of Contractor to perform the services provided for in this Agreement."
The majority seems "bound by the preceding fifty years of jurisprudence" and relies on jurisprudence constante in reaching its conclusion. Not one case cited by the majority stands for the proposition that a newspaper carrier is by virtue of that position an independent contractor. Indeed, the majority recognizes that such a classification relies upon a case-by-case analysis. Furthermore, not one case cited by the majority is in the context of workers' compensation. The jurisprudence *672 cited relates to employer-employee status in a tort context. These tort cases involve the issue of vicarious liability of the newspaper for the negligent acts of the newspaper carrier. The degree of control exerted over the newspaper carrier in those cases was much less, as I see it, than that exerted over Ms. Whitlow in this case.
The factors used in deciding employer-employee versus independent contractor status in a workers' compensation setting are different from that which exists in a tort environment. The objectives are different (limited recovery in workers' compensation versus making one whole in tort litigation) and the relationship of the parties are different. For instance, the independent contractor assumes certain risks in achieving a desired result. Those risks are part of the contract price. The true independent contractor absorbs those risks. The true employee, on the other hand, does not have equal bargaining power and has no ability to negotiate the absorption of risks by increasing a contract price. While Ms. Whitlow undertook some risks in delivering the newspapers, she could neither bargain nor negotiate the wholesale or retail price of the newspapers. She had no bargaining power whatsoever. The Home Delivery Wholesale Agreement which she signed was a "take it or leave it" document-almost adhesionary in reality. Furthermore, she could not compel The Times to include the risks of an injury such as a sexual assault in determining what she earned. Given these considerations, Ms. Whitlow was an employee. See generally Malone and Johnson, LOUISIANA CIVIL LAW TREATISE-WORKERS' COMPENSATION, § 74.
For the foregoing reasons, I respectfully dissent.