# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**09-269**

PERRY SMITH

VERSUS

PRIME, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 07-08637
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Joseph T. Dalrymple
Rivers, Beck, Dalrymple & Ledet
Post Office Drawer 12850
Alexandria, LA 71315
(318) 445-6581
COUNSEL FOR PLAINTIFF/APPELLANT:
    Perry Smith

Rodney J. Lacoste, Jr.
Perrier & Lacoste, LLC
One Canal Place, Suite 2550
365 Canal Street
New Orleans, LA 70130
(504) 212-8820
COUNSEL FOR DEFENDANT/APPELLEE:
    Prime, Inc.

AMY, Judge.

The claimant alleges that he was injured while driving a tractor trailer for the defendant. The workers' compensation judge granted a motion for summary judgment in favor of the defendant after finding that the claimant was acting as an independent contractor. The claimant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

Perry Smith filed this workers' compensation claim, alleging that he was injured when the tractor trailer he was operating for Prime, Inc. overturned after being cut off by another vehicle. He named both Prime and Zurich American Insurance Company as defendants. In the claim form initiating this matter, he alleged that:

> Claimant did long distance hauling for Prime, Inc., a substantial portion of which hauling consisted of mandatory unloading of cargoes with pallets, jacks. Claimant had suffered a previous injury while doing the same type of work for Prime, Inc. [in] approximately 2001, at which time Prime, Inc. paid him workers' compensation. Following the subject accident, Prime, Inc. advised claimant that they had changed insurance companies and provided him with paperwork to fill out and transmit to Zurich. Prime, Inc. never advised Perry Smith that the Zurich insurance was not workers' compensation benefits. He had been advised by Prime, Inc. prior to the subject accident that he would be considered an independent hauler and not an employee, but there was no discussion regarding workers' compensation eligibility or statutory employee status. Zurich advised Perry Smith that the disability and medical coverage with Zurich was not exactly workers' compensation, but just like it. The cost for the coverage with Zurich was defrayed totally by Perry Smith via weekly paycheck deductions for same by Prime, Inc., all in violation of the provisions of Title 23. Claimant is entitled to penalties and attorneys fees.

Prime denied that Mr. Smith was its employee. Rather, the defendants filed an exception of lack of subject matter jurisdiction or, alternatively, a motion for summary judgment asserting that Mr. Smith was an independent contractor. As for Zurich, it alleged that it provided benefits only under a Independent Contract Operators' Group Occupational Accident Insurance policy, a policy it asserted was issued only to independent contractors. It denied that the policy offered workers' compensation benefits.

The defendants' exhibits included the Independent Contractor Operator Agreement entered into between Mr. Smith and Prime on September 5, 2003. The agreement provided for the leasing of Mr. Smith's tractor trailer to Prime for the hauling of freight. The defendants further introduced the Personnel Service Agreement, also dated September 5, 2003, which set forth the parameters of the parties' relationship. In a supplemental filing, Prime introduced the 1099-MISC tax form it issued to Mr. Smith in 2003. As for the insurance policy, the defendants offered the Schedule of Benefits from the Zurich group accident insurance policy and the form enrolling Mr. Smith for the insurance under the group policy number.

The workers' compensation judge granted summary judgment.[1] The claimant appeals.

---

[1] In oral reasons for ruling, the workers' compensation judge explained:

> This Court would grant the Motion for Summary Judgment filed on behalf of both Prime, Incorporated and Zurich Insurance Company. Primarily reliance for such is upon Whitlow versus The Shreveport Times, 843 So.2d 665, a Third Circuit decision and Guillory versus Oberlin [sic] Express Company, [a] Third Circuit decision, 796 So.2d 887.

> I was faced in the - - this Court was faced in the Whitlow case with an individual who delivered newspapers and the primary activity concerned the substantial amount of time spent in the delivery of newspaper - - paper delivery as opposed to picking up the papers, loading them into the vehicle, folding the papers. The substantial time spent was driving the vehicle in the delivery process, and, quite frankly, that's what you have with a driver of a - - of an 18-wheeler, semi-tractor/trailer. The substantial portion of the time is spent in the driving of that vehicle which the Court said in Guillory versus Oberlin [sic] Express is not manual labor which was one of the reasons the Court denied the claim in Whitlow.

> Subsequent to those decisions, was the case of Spells versus Extreme Nissan, a Fourth Circuit decision, 884 So.2d 609. In wondering why the Fourth Circuit may have reached the conclusion it did it became apparent to this Court that the object of the contract of hire between Spells and Extreme Nissan was not driving. Was not driving. The object of the contract was the delivery of a motor vehicle which entailed the driving of the same vehicle. I think that's a significant distinction between the Spells case, Guillory and Whitlow. And the Court would grant the Summary Judgment.

2

**Discussion**

The claimant questions the entering of summary judgment, primarily arguing that the defendants presented inadequate evidence that he was working as an independent contractor. The claimant points out that La.R.S. 23:1021(7), which currently defines independent contractor and excludes certain activities of a truck driver from being considered manual labor, was amended after the occurrence of the present injury.[2]

Louisiana Code of Civil Procedure Article 966(B) provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Paragraph (C)(2) provides as follows with regard to the burden of proof on the motion:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

---

[2] Louisiana Revised Statutes 23:1021(7) (emphasis added) presently provides:

"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. *The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines with air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.*

On appeal, a determination on a motion for summary judgment is reviewed *de novo*. *Supreme Serv. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634.

As explained in *Hillman v. Comm-Care, Inc.*, 01-1140 (La. 1/15/02), 805 So.2d 1157, workers' compensation is unavailable without an employer-employee relationship. While the workers' compensation provisions are silent on the requirements of such a relationship, La.R.S. 23:1044[3] provides a statutory presumption of employment status. This presumption may be rebutted, however, upon a showing that 1) the claimant's services were not performed pursuant to the alleged employer's business or, as Prime alleges in this case, 2) *the claimant was performing services as an independent contractor.* *Hillman*, 805 So.2d 1157 (emphasis added).

La.R.S. 23:1021(6)[4] defined an "independent contractor" as:

---

[3] Louisiana Revised Statutes 23:1044 provides that "[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter."

[4] As noted above, the legislature amended Paragraph 6 in 2004 to provide that: "The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter." 2004 La.Acts No. 188, § 1. Furthermore, and as specifically designated as "new law," Act 188, § 1 enacted Paragraph 13, which provided that:

> []"[O]wner operator" means a person who provides trucking transportation services under written contract to a common carrier, contract carrier, or exempt haulers which transportation services include the lease of equipment or a driver to the common carrier, contract carrier, or exempt hauler. An owner operator, and the drivers provided by an owner operator, are not employees of any such common carrier or exempt hauler for the purposes of this Chapter if the owner operator has entered into a written agreement with the carrier or hauler that evidences a relationship in which the owner operator identifies itself as an independent contractor. For purposes of this Chapter, owner operator does not include an individual driver who purchases his equipment from the carrier or hauler, and then directly lease the equipment back to the carrier or hauler with the purchasing driver.

The Louisiana State Law Institute later re-numbered the paragraphs, which currently appear as Paragraph (7) and (10) respectively.

[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.

An employer asserting that a claimant is an independent contractor is required to bear the burden of proving this status. *See Rivera v. M&R Cable Contractors, Inc.*, 04-985 (La.App. 3 Cir. 12/15/04), 896 So.2d 90. In *Hillman*, 805 So.2d 1157, the supreme court noted that the essence of an employer/employee relationship, rather than a independent contractor relationship, is the right of control. It cited the following factors in determining whether an independent contractor or an employer-employee relationship existed: 1) Selection and engagement; 2) Payment of wages; 3) Power of dismissal; and 4) Power of control. *Id.* None of these factors is determinative. *Id.* Instead, the totality of the circumstances must be considered. *Id.* Further, the inquiry into a claimant's status as an independent contractor or an employee is factual in nature and is subject to the manifest error standard of review. *Whitlow v. The Shreveport Times*, 02-1215 (La.App. 3 Cir. 4/23/03), 843 So.2d 665, *writ denied*, 03-1406 (La. 9/19/03), 853 So.2d 647.

Considering Prime's exhibits in this case, we conclude that it satisfied its initial burden of demonstrating that the claimant was working as an independent contractor rather than as an employee. Importantly, Prime presented the "Independent Contractor Operating Agreement" entered into between Prime and the claimant as well as the Personnel Service Agreement. These documents set forth the parameters of the parties' relationship, including the terms of the contract and the details of the

5

claimant's payment. The Independent Contractor Operator Agreement evidences that the claimant retained the ultimate control over his work, the central inquiry in this case. In pertinent part, the agreement provides:

> Prime is a for-hire motor carrier and utilizes independent contractors to assist in its business. You are willing to lease the following-described tractor (the "Equipment) to Prime for the purpose of hauling freight pursuant to the terms and conditions of this Agreement[.]
>
> . . . .
>
> NOW, THEREFORE, in consideration of the mutual covenants herein contained and for other good and valuable consideration, it is hereby agreed as follows:
>
> . . . .
>
> 2.    SERVICE.   You agree to make the Equipment available to Prime, with qualified and Prime Certified drivers, to pick up loads and transport them to destinations designated by various shippers. Provided, however, You may refuse to haul any load offered to You by Prime.

The agreement also permitted the claimant to drive the equipment himself, employ other drivers on his own behalf, or lease drivers for the equipment. The supporting Personnel Service Agreement includes information regarding the claimant's ability to lease drivers from Prime for the operation of his business. From this documentation, it appears that Prime would be able to establish that the claimant was operating the leased tractor under his own control and direction. Thus, in the context of La.Code Civ.P. art. 966(C)(2), Prime, as the moving party sustained its burden of proof that it would be able to demonstrate that the claimant was working as an independent contractor. None of the descriptions of the work detailed by the agreements indicates that the claimant was to engage in manual labor.

Thereafter, it became the claimant's burden of proving he would be able to demonstrate that, although he was an independent contractor, "a substantial part of

6

[his] work time [was] spent in manual labor by him in carrying out the terms of the contract[.]" La.R.S. 23:1021(6). *See also* 13 H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION LAW AND PRACTICE § 76 (4th ed. 2002). Much of the claimant's brief focuses on Prime's lack of evidence regarding the nature of his work, i.e., whether he was engaged in mental activities or physical activities. He contends that summary judgment could not have been entered absent such a showing. However, this argument mistakenly assumes that the burden rested with the purported employer. As an exception to a lack of coverage for independent contractors, however, this burden must be born by the party asserting that a substantial part of his work time as an independent contractor was spent in manual labor carrying out the terms of the contract. *Id.* (wherein the author notes that the issue of manual labor is a factual one and one on which the claimant must bear the burden or proof ). Accordingly, we find no merit in the claimant's assertion that Prime's submission on its motion for summary judgment was insufficient due to lack of evidence regarding the amount of time he spent in mental activities rather than physical endeavors.

As the claimant failed to rebut the evidence presented by the movant, the workers' compensation judge did not err in entering summary judgment dismissing the claimant's suit against Prime. Neither did the trial court err in dismissing Zurich Insurance Company from this workers' compensation claim.

## DECREE

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of this appeal are assigned to the appellant, Perry Smith.

**AFFIRMED.**